UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO QUIROGA,<br><br>                    Plaintiff,<br><br>      v.<br><br>TIMOTHY KING, et. al.,<br><br>                    Defendants. | **CASE NO. 1:15-cv-01697-AWI-MJS (PC)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 17)**<br><br>**THIRTY DAY DEADLINE TO AMEND** |

Plaintiff is an inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His first amended complaint is before the Court for screening. He has declined Magistrate Judge jurisdiction in this case.

I.      **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners and pretrial detainees seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently being held at the Pre-trial Facility of the Kern County Sheriff's Office in Bakersfield, California. Plaintiff brings this action against several Defendants, all of whom are or were part of the Kern County Sheriff's Department: Senior Sheriff Timothy King of the Central Receiving Facility, former Sheriff C. Chapa of the Max Med Facility, Classification Sheriff Gauze of the Lerdo Pretrial Facility, and the Kern County Sheriff's Department "Sheriff's Entity"[1] ("Defendants"). Plaintiff alleges these Defendants violated his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. He does not specify when or where each alleged violation took place.

---

[1] It appears "Sheriff's Entity" refers to the Sheriff's Department.

Plaintiff alleges that Defendant King falsely "labeled" and investigated Plaintiff, causing Plaintiff to be sexually assaulted by Defendant Chapa, a female guard (who currently faces criminal charges for her actions). Plaintiff was wrongly moved from general population to the administrative segregation unit and falsely labeled an informant and a gang member.

Plaintiff was constantly moved around the facility by classification officers. This annoyed Plaintiff and prevented him from getting settled in any one place. Defendant Gauze brought an investigator from the District Attorney's Office named Alexandro Morales to the facility to interview Plaintiff. This exposed Plaintiff to danger at the hands of other inmates.

Plaintiff seeks injunctive relief.

**IV.      DISCUSSION**

     **A.      Municipal Entity Liability**

As an initial matter, Plaintiff's complaint fails to set forth facts supporting a municipal liability claim, also known as a Monell claim, against Defendant Kern County Sheriff's Department or "Sheriff's Entity" based on an unconstitutional policy or practice.

"[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Counties may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's

omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

In this case, Plaintiff has not linked any underlying violation of his rights to a policy or practice attributable to the county, nor has he provided any facts showing that the county knew of, and blatantly ignored, the constitutional violations committed by its employees. Therefore, all claims against Defendant "Sheriff's Entity" will be dismissed with leave to amend.

### B.    Cruel and Unusual Punishment

Plaintiff's custodial status at the time of each alleged violation is unclear, therefore, the Court will evaluate his allegations of cruel and unusual punishment under both the Eighth and Fourteenth Amendments.[2]

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Conditions of confinement and excessive force claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003). However, the same Eighth Amendment standards apply in setting the minimum standard of care due pretrial detainees. Id. at 1120.

---

[2] If Plaintiff files an amended complaint, he should specify whether he was detained pre-trial or sentenced after trial at the time each incident occurred.

4

### i. Excessive Force

For Eighth Amendment claims arising out of the use of excessive physical force, Courts look to see if the use of force was subjectively reasonable, i.e. "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Excessive force claims brought by pretrial detainees under the Fourteenth Amendment, by contrast, are evaluated under the "objectively unreasonable" standard. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Courts apply a more rigid standard in these cases because pretrial detainees, unlike prisoners, must not be punished at all, much less sadistically and maliciously. Id. at 2475 (citing Ingraham v. Wright, 430 U.S. 651, 671-71 (1977)). When determining whether or not an officer's use of force was objectively unreasonable, Courts must evaluate the case from the perspective of a reasonable officer on the scene at the time of the event, and not with the 20/20 vision of hindsight. Graham v. Connor, 490 U.S. 386, 396 (1989). Courts must also balance the state's legitimate interest in maintaining order in the facility in which the individual is detained, and, where appropriate, defer to the "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 540 (1979). Courts may look at a variety of factors to determine whether the force used was objectively unreasonable, including but not limited to: the relationship between the need for the use

of force and the amount of force used, the extent of the detainee's injury, the threat reasonably perceived by the officer, and whether the detainee was actively resisting. Kingsley, 135 S. Ct. at 2473.

Here, Plaintiff alleges that he was sexually assaulted by Defendant Chapa. The sexual assault of an inmate by a prison official clearly violates all standards of decency and serves no penological purpose. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ("A sexual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply offensive to human dignity.") (internal quotation marks omitted). It is therefore well-settled that the sexual assault and harassment of prisoners by prison officials violates the Eighth Amendment. Id. at 1197 ("In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse [is] unquestionably clearly established.") Similarly, the sexual abuse of an inmate by a jail official is undoubtedly objectively unreasonable under Kingsley.

However, the term "sexual assault" is a legal conclusion that the Court may draw only after it has reviewed and found supporting underlying facts. Plaintiff provides no allegations detailing what, specifically, Defendant Chapa actually did to him that would constitute sexual assault. Plaintiff's claim will therefore be dismissed with leave to amend.

### ii.   Conditions of Confinement

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9 (citations and quotations omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "Deliberate indifference describes a state of mind more

blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.

There is some question whether, after the decision in Kingsley, a pretrial detainee alleging a Fourteenth Amendment conditions of confinement claim must specifically allege deliberate indifference. See Hatter v. Dyer, No. 2:14-cv-616-AG (GJS), 2015 WL 9613769 (C.D. Cal. Dec. 31, 2015) (discussing Kingsley and concluding that pre-trial detainees still must allege deliberate indifference). Kingsley addressed a Fourteenth Amendment excessive force claim, and held that such a claim requires a showing that the force used was "objectively unreasonable," rather than a showing of the officer's subjective state of mind. Courts thus far have declined to extend Kingsley beyond the excessive force context. See, e.g., Hatter, 2015 WL 9613769 (declining to extend to conditions of confinement claims); Castro v. Cnty. of Los Angeles, 797 F.3d 654 (9th Cir. 2015) (declining to extend to failure to protect claims). Nevertheless, the effect of Kingsley in this context remains an open question. The Court need not resolve the applicable standard at this juncture because Plaintiff's allegations fail under either standard, for the reasons set forth below.

California regulations allow inmates to be placed in administrative segregation when the inmates' safety is jeopardized in the general population, when they pose threats to the safety of others, or when they jeopardize the integrity of an investigation of an alleged serious misconduct or criminal activity. 15 Cal. Code Regs. § 3335. While the placement of an inmate in the administrative segregation unit in and of itself is not an inhumane condition of confinement, Courts have found that in some cases, confinement in an administrative segregation unit may give rise to a constitutional claim. See, e.g., Hearns v. Terhune, 413 F.3d 1036, 1042-43 (9th Cir. 2005) (holding that plaintiff's allegation that he was confined in administrative segregation for nine months, during which time he was deprived of clean running water, was sufficient to make out a conditions of confinement claim); Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000)

(holding that plaintiff's allegation that his months-long confinement in administrative segregation violated the Eighth Amendment protection against inhumane conditions of confinement when he was prevented from engaging in outdoor exercise was sufficient to survive summary judgment); Coleman v. Wilson, 912 F. Supp.3d 1282, 1319 (E.D. Cal. 1995) (finding that the confinement of mentally ill inmates in California's administrative segregation units constituted deliberate indifference of a substantial risk of harm to these inmates).

Furthermore, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. at 833. The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." Hearns, 413 F.3d at 1040 (quoting Farmer, 511 U.S. at 834).

Plaintiff's first amended complaint does not support a conditions of confinement claim. Plaintiff provides no facts to show why his placement in administrative segregation constituted deliberate indifference and a substantial risk to his health or safety. Additionally, Plaintiff claims that his forced interviews with an investigator form the DA's office placed him "in danger with other inmates" lack any description of the nature of the danger he faced. Plaintiff's conditions of confinement claims will therefore be dismissed with leave to amend.

### C. Fourteenth Amendment Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Due Process Clause does not confer upon an inmate a liberty interest in remaining within the general prison population. Sandin v. Conner, 515 U.S. 472, 480 (1995); Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). However, under certain circumstances, the state may create a liberty interest which is protected by the Due Process Clause. Sandin, 515

U.S. at 483-84. The Ninth Circuit has found that 15 Cal. Code Regs. § 3335 establishes such a liberty interest. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (holding that 15 Cal. Code Regs. § 3335, when read in conjunction with 15 Cal. Code Regs § 3339, creates a constitutionally protected liberty interest in not being placed in administrative segregation without due process) (*abrogated in part on other grounds by* Sandin, 515 U.S. 472.)[3] When prison officials initially determine whether a prisoner is to be segregated for administrative reasons, due process only requires the following procedures: (1) prison officials must hold an informal non-adversary hearing within a reasonable time after the prisoner is segregated; (2) prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation; and (3) prison officials must allow the prisoner to present his views. Id.

Similarly, an inmate does not have a liberty interest in remaining housed in a particular facility or institution. See Meachum, 427 U.S. at 224-25 (1976) (holding that the Due Process Clause does not, in and of itself, protect a duly convicted prisoner against transfer from one institution to another . . . [even if] life in one prison is much more disagreeable than in another.")

To the extent that Plaintiff attempts to allege that he was placed in administrative segregation without due process in violation of his Fourteenth Amendment Due Process rights, he fails to provide more than conclusory allegations to support his claims. Plaintiff provides no details about his segregation other than that he was "falsely labeled" and "falsely investigated." He does not detail what steps, or lack of steps, were taken by prison officials leading up to his placement in administrative segregation, and indeed, he does not specify whether his placement there was for disciplinary or protective purposes. Furthermore, Plaintiff's numerous transfers to different housing units also do not make out a Due Process claim. Therefore, Plaintiff's Fourteenth Amendment due process claims will be dismissed with leave to amend.

---

[3] 15 Cal. Code Regs. § 3339(a) reads in relevant part: "Release from administrative segregation shall occur at the earliest possible time in keeping with the inmate's case factors and reasons for the inmate's placement in administrative segregation."

### D. First Amendment Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive.  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First

Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

While Plaintiff does not specifically label it an adverse action, it appears that Plaintiff believes his placement in administrative segregation, his classification as a gang member and an informant, and his forced interviews with the DA's office investigator were adverse actions taken against him with no legitimate penological purpose. However, as Plaintiff has failed to allege any protected conduct whatsoever on his part, his First Amendment Retaliation claim must fail. His claim will be dismissed with leave to amend.

## V. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a cognizable claim against any Defendants for engaging in cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment, for First Amendment retaliation, or for violating his Due Process rights. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

An amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 17) is DISMISSED with leave

1          to amend;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed April 21, 2016;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   May 5, 2016                   /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE