UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIMNOTHY KING, et al.,<br><br>　　　　Defendants. | **CASE NO. 1:15-cv-01697-AWI-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER**<br><br>**(ECF No. 11)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff Monico J. Quiroga, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 9, 2015. (ECF No. 1.) He brings his suit against Defendants Timothy King, C. Chapa, C. Bernard, O. Fuentos, and Gauze, all agents of the Kern County Sherriff's Office, for claims arising while he was in the custody of the Kern County Sherriff's Office.

Plaintiff has declined Magistrate Judge jurisdiction in this case. (ECF No. 6.) No other parties have appeared in the action.

The Court dismissed Plaintiff's first civil rights complaint on March 31, 2016 for failure to state a claim and granted Plaintiff thirty days to file an amended complaint.

(ECF No. 14.) On April 21, 2016, Plaintiff filed a first amended complaint. (ECF No. 17.) The Court dismissed Plaintiff's first amended complaint on May 6, 2016 for failure to state a claim and granted Plaintiff a final opportunity to amend. (ECF No. 18.) Plaintiff's second amended complaint is awaiting screening by the Court. (ECF No. 20.) Before the Court is Plaintiff's February 22, 2016 motion for a temporary restraining order. (ECF No. 11.)

I.     **LEGAL STANDARD**

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). Alternatively, a preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other

two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added). In addition, in cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Finally, a Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers, 555 U.S. at 493 (citation omitted); Mayfield, 599 F.3d at 969. Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493 (citation omitted); Mayfield, 599 F.3d at 969.

## II.     DISCUSSION

Here, Plaintiff requests this Court issue an order directing officers of the Kern County Sheriff's Office to stay away from Plaintiff. As Plaintiff was transferred to Wasco State Prison as of June 10, 2016 (ECF No. 21) and has made no showing that he is likely to be transferred back to the custody of the Kern County Sherriff's Office, Plaintiff's request is now moot. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies."); see also Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991); Darring v.

3

<u>Kincheloe</u>, 783 F.2d 874, 876 (9th Cir.1986).

The Court will therefore recommend Plaintiff's motion for a temporary restraining order be denied.

### III.     **<u>CONCLUSION</u>**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's request for a temporary restraining order (ECF No. 11) be DENIED.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   July 22, 2016                          /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE