UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY KING, et al.,<br><br>　　　　Defendants. | **CASE NO. 1:15-cv-01697-AWI-MJS (PC)**<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SUBMIT EVIDENCE TO PROVE HARASSMENT**<br><br>**(ECF No. 12)** |

　　　　Plaintiff Monico J. Quiroga, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 9, 2015. (ECF No. 1.) He brings this suit against Defendants Timothy King, C. Chapa, C. Bernard, O. Fuentos, and Gauze, all agents of the Kern County Sherriff's Office, for claims arising while he was in the custody of the Kern County Sherriff's Office.  Plaintiff has declined Magistrate Judge jurisdiction in this case. (ECF No. 6.) No other parties have appeared in the action.

　　　　Plaintiff's second amended complaint is awaiting screening by the Court.  (ECF No. 20.) Before the Court is Plaintiff's February 22, 2016 "motion to submit evidence to prove harassment." (ECF No. 12.) Plaintiff seeks to admit what he deems evidence proving the alleged harassment of Plaintiff by Defendants. Plaintiff states Officers

Theodore King and Johnny Moreno of the Kern County Sherriff's Office charged Plaintiff with a felony while he was in custody. He attaches to his motion what appears to one page of an arrest report charging various offenses. Plaintiff's name appears nowhere on the form.

  It is unclear what Plaintiff seeks to do with the proffered evidence.  To the extent Plaintiff wishes supplement his civil rights complaint with additional factual allegations or claims, Plaintiff is advised that a civil rights complaint must be "complete in and of itself without reference to any other pleading, attachment, or document." <u>Micenheimer v. Soto</u>, No. CV 13-3853-CJC (JEM), 2014 WL 2931111 (C.D. Cal. June 27, 2014); <u>see also</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). Any and all causes of action and supporting facts must be contained within his civil rights complaint.

  To the extent Plaintiff wishes to "prove" the claims contained within his civil rights complaint, Plaintiff is reminded that at the pleading stage, all factual allegations are taken as true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("[A] court must accept as true all of the allegations contained in a complaint.")  Plaintiff need not submit evidence in order to prove his allegations at point in the proceedings.

  Based on the foregoing, Plaintiff's motion to submit evidence of harassment is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

  Dated:   August 22, 2016       /s/ *Michael J. Seng*
                 UNITED STATES MAGISTRATE JUDGE