1
2
3
4
5
6
7
8
9
10          UNITED STATES DISTRICT COURT

11          FEASTERN DISTRICT OF CALIFORNIA

12   MONICO QUIROGA,                    | **Case No. 1:15-cv-01697-AWI-MJS (PC)**

13          Plaintiff,                  | **ORDER DISMISSING SECOND AMENDED**

14                                      | **COMPLAINT WITH  LEAVE TO AMEND**

15      v.                              | **(ECF No. 20)**

16   TIMOTHY KING, et al.,              | **THIRTY DAY DEADLINE TO AMEND**

17          Defendants.

18

19          Plaintiff is an inmate proceeding pro se and in forma pauperis in this civil rights

20   action brought pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 9,

21   2015. (ECF No. 1.) His May 18, 2016 second amended complaint is before the Court for

22   screening. (ECF No. 20.) He has declined Magistrate Judge jurisdiction in this case.

23   I.      **Screening Requirement**

24          The Court is required to screen complaints brought by prisoners and pretrial

25   detainees seeking relief against a governmental entity or an officer or employee of a

26   governmental entity.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or

27   portion thereof if the prisoner has raised claims that are legally "frivolous or malicious,"

28   that fail to state a claim upon which relief may be granted, or that seek monetary relief

1  from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1), (2).

2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

3  shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

4  fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5  **II.   Pleading Standard**

6      A complaint must contain "a short and plain statement of the claim showing that

7  the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

8  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

9  by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678

10 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are

11 not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d

12 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual

13 allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

14     Under section 1983, Plaintiff must demonstrate that each defendant personally

15 participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

16 2002).  This requires the presentation of factual allegations sufficient to state a plausible

17 claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

18 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to

19 have their pleadings liberally construed and to have any doubt resolved in their favor,

20 Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless,

21 the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal,

22 556 U.S. at 678; Moss, 572 F.3d at 969.

23 **III.   Plaintiff's Allegations**

24     Plaintiff is currently incarcerated at Wasco State Prison in Wasco, California,

25 however Plaintiff's claims arose while he was housed at the Lerdo pre-trial facility of the

26 Kern County Sheriff's Office in Bakersfield, California.  Plaintiff brings this action against

27 several Defendants, all of whom are or were employed by the Kern County Sheriff's

28 Department: Senior Classification Officer T. King; former Sheriff C. Chapa, Classification

2

Sheriff Gauze, Sheriff's Deputy C. Bernard, and Classification Corporal O. Fuentos ("Defendants").   Plaintiff alleges these Defendants violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff also brings claims under otherwise unidentified "§ 22,"  "§ 83," "§ 106," "§ 176," and "§ 815.2 sub d (a)(3)(4)."   Plaintiff states he was a pre-trial detainee at the time of the alleged violations. He does not state when each alleged violation took place.

Plaintiff alleges that Defendants King and Fuentos falsely classified Plaintiff as a "mafia member" and an informant, exposing Plaintiff to risk of harm. Defendants King, Gauze, and Fuentos took Plaintiff out of his cell to be interviewed by an investigator from the District Attorney's Office "for the false accusations of being an informant and a mafia member." Defendant Chapa, a female guard, "constantly" fondled and masturbated Plaintiff and performed oral sex on him. Plaintiff believes that Defendants intentionally committed these acts in order to gain information from Plaintiff.  Plaintiff states he was also on "triple CMS"[1] mental health status for depression and racing thoughts.

Plaintiff states Defendants Fuentos, Chapa, King, and Gauze "disturbed the peace" by constantly moving him back and forth from the general population to the administrative segregation unit solely for the purpose of annoying Plaintiff.

Plaintiff appears to seek exclusively injunctive relief. He asks for: Defendants to be criminally charged and removed or demoted from their positions; the matter to be "investigated"; a copy of Plaintiff's classification file be turned over to Plaintiff; the investigation of Plaintiff to cease; and for a restraining order to issue against Defendants.

## IV.   Discussion

### A.    Relief Sought

Under Rule 8(a)(3), a pleading must contain a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). Plaintiff seeks various forms of injunctive relief.

---

[1] Plaintiff gives no indication of what this classification means.

### i.    Criminal Charges

First, Plaintiff seeks to have Defendants "charge[d] criminally." It is unclear which criminal statutes Plaintiff seeks to have Defendants charged under.

Absent an expressed intention by the legislature to provide for a private right of action under a criminal statute, Courts have generally held that criminal statutes to do not provide for such a right. See, e.g., In re Kennedy, No. Civ. 2:07-0069 FCD GGH, 2009 WL 256511 (E.D. Cal. Feb. 3, 2009). Plaintiff has identified no statutes under which he wants Defendants charged; he thus identifies no basis for asserting a private right of action to pursue such relief. Plaintiff may not seek such relief here.

### ii.    Other Injunctive Relief

Where an inmate seeks injunctive relief, transfer to another facility generally renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007).   When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding prisoner's suit for library access to be moot upon his transfer to another prison); Chronicle Publishing Co. v. Rison, 962 F.2d 959, 960 (9th Cir. 1992) (finding a prisoner's suit challenging prison's publication regulations to be moot upon prisoner's release on parole). Mere allegations that a Plaintiff might be transferred back to the offending facility, or that such is always a possibility, are remote and speculative and insufficient to cast the "continuing and brooding presence" required to grant injunctive relief. See Preiser, 422 U.S. at 403.

Plaintiff's complaint seeks only injunctive relief; he does not seek any compensatory or punitive damages.

Plaintiff was transferred out of the custody of the Kern County Sheriff's Office and into Wasco State Prison as of June 10, 2016. (ECF No. 21.) He has not alleged that he is

4

likely to be transferred back to Defendants' custody. There thus being no threat of continuation of any acts or inaction by the Defendants at the Kern County Sheriff's Office, Plaintiff's second amended complaint fails to state a claim upon which relief may be granted.

As Plaintiff has not previously been advised of this deficiency, he will be given an opportunity to amend. Plaintiff must keep in mind that in any civil action involving prison or jail conditions seeking prospective relief, the Court will grant only the relief necessary to correct the violations of the rights particular to the case. 18 U.S.C § 3626(a)(1)(A). "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Id.   At present it appears that Plaintiff's desired relief, such as having Defendants removed from their positions or demoted, extend well beyond the scope of this litigation.

### B.    Statutory Claims

Plaintiff brings claims under "§ 22,"  "§ 83," "§ 106," "§ 176," and "§ 815.2 sub d (a)(3)(4)." The Court cannot discern which statutes, regulations, or policies Plaintiff refers to and thus which rights Plaintiff intends to invoke. These claims too will be dismissed.

As Plaintiff has not previously been advised of these deficiencies, he will be given an opportunity to amend. Should Plaintiff choose to amend, he must state with specificity the federal or state law or regulation he brings his claims under and provide detailed factual allegations in support of his claims.

### C.    Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific

5

facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has alleged no facts linking Defendant Bernard to the violation of Plaintiff's rights. Indeed, Defendant Bernard's name appears nowhere in the second amended complaint outside of the caption. Plaintiff's claims against Defendant Bernard will be dismissed. He will be given an opportunity to amend to provide factual allegations supporting his claims against Defendant Bernard.

### D.   Fourteenth Amendment

#### i.   Excessive Force

Conditions of confinement and excessive force claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishment Clause of the Eighth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).  A pretrial detainee bringing claims of excessive force under the Fourteenth Amendment must allege that (1) an officer purposely or knowingly used force against him, and (2) the force used was objectively unreasonable. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473

1    (2015).  This is a more rigid standard than that applied under the Eighth Amendment
2    because pretrial detainees, unlike prisoners, must not be punished at all, much less
3    sadistically and maliciously.  Id. at 2475 (citing Ingraham v. Wright, 430 U.S. 651, 671-71
4    (1977)).  When determining whether an officer's use of force was objectively
5    unreasonable, Courts must evaluate the case from the perspective of a reasonable
6    officer on the scene at the time of the event, and not with the 20/20 vision of hindsight.
7    Id.; Graham v. Connor, 490 U.S. 386, 396 (1989).  Courts must also balance the state's
8    legitimate interest in maintaining order in the facility in which the individual is detained,
9    and, where appropriate, defer to the "policies and practices that in th[e] judgment" of jail
10   officials "are needed to preserve internal order and discipline and to maintain institutional
11   security." Kingsley, 135 S. Ct. at 2473; Bell v. Wolfish, 441 U.S. 520, 540 (1979).  Courts
12   may look at a variety of factors to determine whether the force used was objectively
13   unreasonable, including but not limited to: the relationship between the need for the use
14   of force and the amount of force used, the extent of the detainee's injury, the threat
15   reasonably perceived by the officer, and whether the detainee was actively resisting.
16   Kingsley, 135 S. Ct. at 2473.

17        Here, Plaintiff alleges that he was "constantly" masturbated and fondled by
18   Defendant Chapa. The sexual assault of an inmate by a jail official is undoubtedly
19   objectively unreasonable under Kingsley, as it clearly violates all standards of decency
20   and serves no penological purpose.  Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir.
21   2000) ("A sexual assault on an inmate by a guard—regardless of the gender of the guard
22   or of the prisoner—is deeply offensive to human dignity") (internal quotation marks
23   omitted).

24        These facts, if true, would support a cognizable claim against Defendant Chapa
25   under the Fourteenth Amendment. However, as stated above, Plaintiff's claims for relief
26   have been rendered moot by his transfer to Wasco State Prison or otherwise are outside
27   the scope of this litigation.  Therefore Plaintiff's claim against Defendant Chapa will be
28   dismissed with leave to amend.

1  The Court notes that these very allegations against Defendant Chapa are the
2  subject of his Case No. 1:16-cv-00071-SAB. Plaintiff may not proceed here with claims
3  duplicative of those made in another pending action.

4  ii.  **Conditions of Confinement**

5  Plaintiff maintains that the circumstances of his confinement placed him at risk of
6  harm at the hands of other inmates.

7  Claims brought by pre-trial detainees for failure to protect are also subject to the
8  objectively unreasonable standard announced in Kingsley. Castro v. Cty. of Los Angeles,
9  No. 12-56829, 2016 WL 4268955, at *6 (9th Cir. Aug. 15, 2016) (en banc) (citing
10 Kingsley, 135 S. Ct. at 2473-74). Under this standard, a plaintiff asserting a failure to
11 protect claim against an individual officer must show that (1) the defendant made an
12 intentional decision with respect to the conditions under which the detainee was confined,
13 (2) those conditions placed him at a substantial risk of suffering serious harm, (3) a
14 reasonable officer in the defendant's position would have recognized that risk and taken
15 reasonable, available measures to abate it, and (4) the detainee was harmed. Id. at *7.

16 Although Castro is limited to failure to protect claims, the decision implied that the
17 above standard also may apply to other Fourteenth Amendment claims challenging a
18 detainee's conditions of confinement. Id. at *6. Here, Plaintiff also challenges the fact of
19 his confinement in the administrative segregation unit.  Although the law in this area is
20 not entirely clear, the Court notes that courts have found, in some circumstances, that
21 confinement in an administrative segregation unit may give rise to a constitutional claim
22 under the Eighth Amendment.  See, e.g., Hearns v. Terhune, 413 F.3d 1036, 1042-43
23 (9th Cir. 2005) (holding that plaintiff's allegation that he was confined in administrative
24 segregation for nine months, during which time he was deprived of clean running water,
25 was sufficient to make out a conditions of confinement claim); Lopez v. Smith, 203 F.3d
26 1122, 1133 (9th Cir. 2000) (holding that plaintiff's allegation that his months-long
27 confinement in administrative segregation violated the Eighth Amendment protection
28 against inhumane conditions of confinement when he was prevented from engaging in

1    outdoor exercise was sufficient to survive summary judgment); <u>Coleman v. Wilson</u>, 912
2    F. Supp.3d 1282, 1319 (E.D. Cal. 1995) (finding that the confinement of mentally ill
3    inmates in California's administrative segregation units constituted deliberate indifference
4    to a substantial risk of harm to these inmates).

5         Plaintiff's second amended complaint supports neither a conditions of confinement
6    claim nor a failure to protect claim. Plaintiff states that his placement in the administrative
7    segregation unit from the general population annoyed him, and his status as an informant
8    placed him in danger at the hands of other inmates. Plaintiff provides no more than
9    conclusory allegations that these conditions amounted to a "substantial risk of serious
10   harm," or that a reasonable officer in Defendants' position would have recognized such a
11   risk and taken measures to abate it. Plaintiff's conditions of confinement and failure to
12   protect claims will be dismissed with leave to amend one final time.

13        **E.    First Amendment Retaliation**

14        Plaintiff states that Defendants' conduct violated his First Amendment rights.
15   Although the basis for this claim is unclear, Plaintiff may intend to state a claim for
16   retaliation.

17        "Prisoners have a First Amendment right to file grievances against prison officials
18   and to be free from retaliation for doing so." <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th
19   Cir. 2012) (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)).   Within the
20   prison context, a viable claim of First Amendment retaliation entails five basic elements:
21   (1) An assertion that a state actor took some adverse action against an inmate (2)
22   because of (3) that prisoner's protected conduct, and that such action (4) chilled the
23   inmate's exercise of his First Amendment rights, and (5) the action did not reasonably
24   advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th
25   Cir. 2005); *accord* <u>Watison v. Carter</u>, 668 F.3d at 1114-15; <u>Silva v. Di Vittorio</u>, 658 F.3d
26   1090, 1104 (9th Cir. 2011); <u>Brodheim v. Cry</u>, 584 F.3d at 1269.

27        The second element focuses on causation and motive. <u>See</u> <u>Brodheim v. Cry</u>, 584
28   F.3d 1262, 1271 (9th Cir. 2009).   A plaintiff must show that his protected conduct was a

1   "'substantial' or 'motivating' factor behind the defendant's conduct." <u>Id.</u> (quoting <u>Sorrano's</u>

2   <u>Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989).  Although it can be difficult to

3   establish the motive or intent of the defendant, a plaintiff may rely on circumstantial

4   evidence.  <u>Bruce</u>, 351 F.3d at 1289 (finding that a prisoner established a triable issue of

5   fact regarding prison officials' retaliatory motives by raising issues of suspect timing,

6   evidence, and statements); <u>Hines v. Gomez</u>, 108 F.3d 265, 267-68 (9th Cir. 1997); <u>Pratt</u>

7   <u>v. Rowland</u>, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as

8   circumstantial evidence of retaliatory intent").

9       In terms of the third prerequisite, filing a grievance is a protected action under the

10  First Amendment.  <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989).

11      With respect to the fourth prong, "[it] would be unjust to allow a defendant to

12  escape liability for a First Amendment violation merely because an unusually determined

13  plaintiff persists in his protected activity . . . ." <u>Mendocino Envtl. Ctr. v. Mendocino Cnty.</u>,

14  192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an

15  official's acts would chill or silence a person of ordinary firmness from future First

16  Amendment activities.  <u>Rhodes</u>, 408 F.3d at 568-69 (citing <u>Mendocino Envtl. Ctr.</u>, 192

17  F.3d at 1300).

18      With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison

19  authorities' retaliatory action did not advance legitimate goals of the correctional

20  institution or was not tailored narrowly enough to achieve such goals." <u>Rizzo v. Dawson</u>,

21  778 F.2d 527, 532 (9th Cir. 1985).

22      While Plaintiff does not specifically label it an adverse action, it appears that

23  Plaintiff believes his placement in administrative segregation, his classification as a mafia

24  member and an informant, and his forced interviews with the District Attorney's Office

25  investigator were adverse actions taken against him with no legitimate penological

26  purpose.  However, as Plaintiff has failed to allege the actions came in response to his

27  undertaking protected conduct, his First Amendment Retaliation claim fails.  He will be

28  given one final opportunity to amend.

1   **F.    Fourth Amendment**

2   Plaintiff alleges Defendants' conduct violated the Fourth Amendment, but does not

3   state the basis for this claim. Nor can the Court discern any basis for such a claim. The

4   Fourth Amendment protects individuals from unreasonable searches and seizures. <u>Bull v.</u>

5   <u>City and County of San Francisco</u>, 595 F.3d 964, 974-75 (9th Cir. 2010); <u>Michenfelder v.</u>

6   <u>Sumner</u>, 860 F.2d 328, 333-34 (9th Cir. 1988).   Reasonableness is determined by the

7   context, which requires a balancing of the need for the particular search or seizure

8   against the invasion of personal rights that the search entails. <u>Bell</u>, 441 U.S. at 558-59

9   (quotations omitted); <u>Bull</u>, 595 F.3d at 971-72; <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1227

10  (9th Cir. 2010).  The scope of the particular intrusion, the manner in which it is conducted,

11  the justification for initiating it, and the place in which it is conducted must all be

12  considered.  <u>Bell</u>, 441 U.S. at 559; <u>Bull</u>, at 972.

13  Plaintiff has not alleged any facts demonstrating that he was subject to a search or

14  seizure, unreasonable or otherwise. Plaintiff's Fourth Amendment claims will therefore be

15  dismissed. Plaintiff has not previously been advised of this deficiency and will be given an

16  opportunity to amend.

17  **V.    Conclusion**

18  Plaintiff's second amended complaint will be dismissed for failure to state a claim

19  for relief pursuant to Rule 8(a)(3). Plaintiff will be given leave to amend on these grounds

20  if he believes he can state a claim for relief.

21  The Court will also provide Plaintiff with one <u>final</u> opportunity to amend his First,

22  Fourth, and Fourteenth Amendment and statutory claims if he believes, in good faith, he

23  can cure the identified deficiencies.  <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir.

24  2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d

25  1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this

26  suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507

27  F.3d 605, 607 (7th Cir. 2007).

28  An amended complaint supersedes the original complaint, <u>Lacey v. Maricopa</u>

County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's second amended complaint (ECF No. 20) is DISMISSED with one final opportunity to amend;

2.      The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed May 18, 2016;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

4.      If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend this action be dismissed for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:    September 21, 2016          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE