UNITED STATES DISTRICT COURT

FEASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO QUIROGA,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY KING, et al.,<br><br>    Defendants. | **Case No. 1:15-cv-01697-AWI-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE CLAIM**<br><br>**(ECF No. 29)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff is an inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 9, 2015. (ECF No. 1.) He has declined Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff's first civil rights complaint was dismissed for failure to state a claim, however Plaintiff was given the opportunity to amend. (ECF No. 14.) After Plaintiff's first and second amended complaints were also found to have failed to state claims, Plaintiff was given one final opportunity to amend. (ECF No. 27.)  Plaintiff's September 28, 2016 third amended complaint is before the Court for screening. (ECF No. 29.)

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners and pretrial detainees seeking relief against a governmental entity or an officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.    Plaintiff's Allegations

Plaintiff is currently incarcerated at Wasco State Prison in Wasco, California, however Plaintiff's claims arose while he was a pre-trial detainee at the central receiving

2

facility and Lerdo pre-trial facility of the Kern County Sheriff's Office in Bakersfield, California. Plaintiff's complaint names three Defendants, all of the Kern County Sheriff's Department: Senior Classification Officer T. King; Classification Sheriff Gause, and Classification Corporal O. Fuentos ("Defendants"). Plaintiff alleges these Defendants violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution.

Plaintiff alleges that Defendants King and Fuentos falsely labeled Plaintiff a mafia member and an informant, exposing Plaintiff to a risk of harm. Defendants King, Fuentos, and Gause constantly moved Plaintiff back and forth from the general population to the administrative segregation unit ("ad-seg") solely for the purpose of annoying Plaintiff. They also removed Plaintiff from his cell so he could be interviewed by two undercover investigators about being an informant. Plaintiff believes that Defendants did this intentionally in order to gain information from Plaintiff and place him at risk of harm from other inmates. Plaintiff states he was also on "triple CMS"[1] mental health status for depression and racing thoughts.

Plaintiff seeks compensatory or punitive damages.

**IV.   Discussion**

Plaintiff was afforded multiple opportunities to amend, and has been advised of the applicable pleading standards on more than one occasion. In spite of this, Plaintiff continues to submit complaints comprised of vague and conclusory allegations that fail to state a claim for relief. For the reasons set forth below, the undersigned will recommend that this action be dismissed with prejudice for failure to state a claim.

**A.   Cruel and Unusual Punishment**

Plaintiff states the circumstances of his confinement placed him at risk of harm at the hands of other inmates.

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and

---

[1] Plaintiff gives no indication of what this classification means.

3

Unusual Punishment Clause of the Eighth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003). Claims brought by pre-trial detainees for failure to protect are subject to the "objectively unreasonable" standard. Castro v. Cnty. of Los Angeles, No. 12-56829, 2016 WL 4268955, at *6 (9th Cir. Aug. 15, 2016) (en banc) (citing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015)). Under this standard, a plaintiff asserting a failure to protect claim against an individual officer must show that (1) the defendant made an intentional decision with respect to the conditions under which the detainee was confined, (2) those conditions placed him at a substantial risk of suffering serious harm, (3) a reasonable officer in the defendant's position would have recognized that risk and taken reasonable, available measures to abate it, and (4) the detainee was harmed. Id. at *7.

Although Castro is limited to failure to protect claims, the decision implied that the above standard also may apply to other Fourteenth Amendment claims challenging a detainee's conditions of confinement. Id. at *6. Here, Plaintiff also challenges the fact of his confinement in the administrative segregation unit.  Although the law in this area is not entirely clear, the Court notes that courts have found, in some circumstances, that confinement in an administrative segregation unit may give rise to a constitutional claim under the Eighth Amendment. See, e.g., Hearns v. Terhune, 413 F.3d 1036, 1042-43 (9th Cir. 2005) (holding that plaintiff's allegation that he was confined in administrative segregation for nine months, during which time he was deprived of clean running water, was sufficient to make out a conditions of confinement claim); Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000) (holding that plaintiff's allegation that his months-long confinement in administrative segregation violated the Eighth Amendment protection against inhumane conditions of confinement when he was prevented from engaging in outdoor exercise was sufficient to survive summary judgment); Coleman v. Wilson, 912 F. Supp.3d 1282, 1319 (E.D. Cal. 1995) (finding that the confinement of mentally ill inmates in California's administrative segregation units constituted deliberate indifference to a substantial risk of harm to these inmates).

Plaintiff's third amended complaint supports neither a conditions of confinement claim nor a failure to protect claim. Plaintiff states that his placement in the administrative segregation unit from the general population annoyed him, and his status as an informant placed him in danger at the hands of other inmates. Plaintiff provides no more than conclusory allegations that these conditions amounted to a "substantial risk of serious harm," or that a reasonable officer in Defendants' position would have recognized such a risk and taken measures to abate it. Plaintiff was previously advised of this pleading deficiency, but has failed to correct it. Further leave to amend would be futile.

**B.     Due Process**

Plaintiff generally alleges violations of due process without specifying what process he was due prior to which deprivation.

The Due Process Clause of the Fourteenth Amendment protects individuals from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff may mean that he was denied procedural due process prior to being deemed an informant and placed in ad-seg. The Due Process Clause does not confer upon an inmate a liberty interest in remaining within the general population, thus mere placement in ad-seg is insufficient to violate due process. See Sandin, 515 U.S. at 480. However, if the circumstances surrounding a pre-trial detainee's confinement in ad-seg amount to punishment, the Due Process clause may be implicated. See Bell v. Wolfish, 441 U.S. 520, 537-58 (1979).

Here, as in his three prior complaints, Plaintiff provides almost no details about his confinement in ad-seg other than that his constant shuffling between units "annoyed" him. There is no indication, however, that Plaintiff's confinement amounted to punishment. Indeed, considering the totality of Plaintiff's allegations, it seems more likely that Plaintiff was placed in ad-seg for his safety. As Plaintiff has been advised of these deficiencies and has failed to correct to them, leave to amend his due process claims would be futile.

### C.    First Amendment Retaliation

It appears that Plaintiff believes his placement in ad-seg, his classification as a mafia member and an informant, and his forced interviews with the undercover investigators were adverse actions taken against him with no legitimate penological purpose. While Plaintiff does not specifically label it as such, he may intend to state a claim for retaliation.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Within the context of incarceration, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of

6

fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, protected conduct may encompass a number of constitutionally protected rights, though in the jail context it frequently refers to the filing of a grievance or lawsuit. See Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff was previously advised of these standards. He again fails to allege Defendants' conduct came in response to his undertaking protected conduct. Plaintiff's retaliation claim fails, and further leave to amend would be futile.

**V.   Conclusion**

Plaintiff's third amended complaint fails to state a cognizable claim. He previously was advised of his pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed, with prejudice, for failure to state a claim; and
2. Dismissal count as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 14, 2016            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

8