UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>              Plaintiff,<br><br>         v.<br><br>TIMOTHY KING, *et al.*,<br><br>              Defendants. | Case No.   1:15-cv-01697-AWI-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE SECURITY BE DENIED<br><br>ECF No. 71<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

   Plaintiff is a state prisoner appearing without counsel in this civil rights action brought under 42 U.S.C. § 1983.[1]  This case was filed on November 9, 2015.  ECF No. 1.  Plaintiff's third amended complaint was dismissed, ECF No. 38, as recommended by the previously-assigned magistrate judge, ECF No. 36, and judgment was entered on February 8, 2017, ECF No. 39.  Plaintiff appealed the dismissal of his case, and the Ninth Circuit affirmed in part, vacated in part, and remanded.  ECF No. 50.  The dismissal of plaintiff's failure to protect, conditions of confinement, and retaliation claims was affirmed.  *Id.*  But the Ninth Circuit reversed the dismissal of plaintiff's due process claims, which were based on plaintiff's allegations that defendants placed him in administrative segregation for the purpose of causing him harm and

---

[1] This court has federal question jurisdiction under 42 U.S.C. § 1983.

1

with an intent to "annoy and pester" him. *Id.* On August 16, 2018, this court directed service of plaintiff's third amended complaint on defendants. ECF No. 53. On December 5, 2018, the court issued a discovery and scheduling order, setting October 15, 2019 as the deadline for dispositive motions. ECF No. 64. On the eve of that deadline, defendants filed the instant motion, asking the court to require that plaintiff post security as a vexatious litigant.[2] ECF No. 71. Defendants' motion automatically stayed other proceedings.[3]

**Legal Standard**

"The All Writs Act, 28 U.S.C. § 1651(a), provides courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). However, such pre-filing orders should be a "remedy of last resort." *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014). Before such an order is issued, the district court must satisfy certain procedural requirements and make substantive findings that the litigant's actions are frivolous or harassing in nature and brought in bad faith. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Litigiousness alone is insufficient to support a finding of vexatiousness. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (holding that "plaintiff's claims must not only be numerous, but also be patently without merit"). Vexatious litigation is that which is filed "without reasonable or probable cause or excuse, harassing, or annoying." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012). Additionally, should the court find frivolousness or harassment, the pre-filing order must "be

---

[2] Plaintiff filed a document titled "Objection to Motion Filed by Defendant" that may have been intended as a response in opposition to defendants' motion, but it is unclear what precisely plaintiff is requesting therein. *See* ECF No. 76 ("I Monico J. Quiroga, III, motion to object defendant has been uncooperative with 2 discovery requests filed on a timely manner [please] dismiss civil suit."). Whether plaintiff has filed a proper objection to defendants' motion is irrelevant because, as explained below, defendants' motion does not identify a basis for the relief sought.

[3] Section 391.6 of California Civil Procedure Part 2, Title 3a, provides, with exception inapplicable here, that "when a motion pursuant to section 391.1 [Motion for order requiring security] is filed prior to trial the litigation is stayed, and the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security has been furnished and the moving defendant given written notice thereof." Cal. Civ. Proc. Code § 391.6. As discussed subsequently, these *procedural* rules have been adopted by this court.

2

narrowly tailored to prevent the litigant's abusive behaviour." *Molski*, 500 F.3d at 1058.

To help the court determine whether a litigant is vexatious and how a pre-filing order could be narrowly tailored to address vexatious behavior, the Ninth Circuit has adopted a five-factor test:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)).

Local Rule 151(b)—a procedural rule—allows courts in this district to require payment of a security if a plaintiff is found to be vexatious.[4] Under this rule, our court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure relating to vexatious litigants . . . as a procedural rule of this Court on the basis of which the Court may order the giving of a security, . . . although the power of the Court shall not be limited thereby." L.R. 151(b). Although Local Rule 151(b) adopts procedural parts of the state statute, we look to federal substantive law for the definition of vexatiousness and to determine whether to require a litigant to post security. *See Smith v. Officer Sergeant*, Case No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016) ("[T]he court looks to federal law, not state law, to define a vexatious litigant."); *Cranford v. Crawford*, Case No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *3 (E.D. Cal. Aug. 31, 2016) ("[T]he state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); *Goolsby v. Gonzales*, Case No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *1-2 (E.D. Cal. May 29, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower. While Local Rule 151(b) directs the Court to look to state law for the *procedure* in

---

[4] "Rule 83 of the Federal Rules of Civil Procedure allows the district court to formulate local rules to the extent they are not inconsistent with the federal rules." *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976).

which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent. . . . [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness."); *Stringham v. Bick*, Case No. CIV S-09-0286 MCE DAD P, 2011 WL 773442, at *3 (E.D. Cal. Feb. 28, 2011) (reasoning that although plaintiff had filed more than five unsuccessful lawsuits in the preceding seven years, the court could not find that the filings were so "numerous or abusive" or "inordinate" to warrant a vexatiousness determination).

**Discussion**

Here, defendants rely upon California Civil Procedure Code § 391.1 in arguing that plaintiff is vexatious, noting the number of lawsuits that he has filed. This showing, however, is insufficient under federal law[5]; this court may not rely upon the state standard. *See Tyler v. Knowles*, 481 F. App'x 355, 356 (9th Cir. 2012) (vacating order of district court that had relied on California substantive law in determining vexatiousness). Defendants do not address plaintiff's motive in pursuing litigation, his unrepresented status, whether he has caused needless expense to the parties, or whether sanctions would be adequate. Defendants also attempt to have the court consider litigation that was filed subsequent to this action, even though the court's inquiry is limited to plaintiff's litigation *history*. *See Aref v. Marder*, No. 93-55470, 1994 U.S. App. LEXIS 233, at *1 (9th Cir. Jan. 6, 1994) ("A district court has the power to enjoin litigants who have abusive and lengthy histories of litigation."). Defendants list 22 cases and contend that plaintiff filed three civil suits in the seven years preceding this one. *See* ECF No. 71 at 11. But only two of the three oldest cases listed[6] were filed prior to the instant litigation.[7] In any case, listing two prior instances in which plaintiff failed to state a claim before filing this suit, without more, does

---

[5] Defendants' motion may also fail to meet the state standard. *See* Cal. Civ. Proc. Code § 391(b)(1) (A person who, "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been . . . finally determined adversely to the person" is a vexatious litigant.).

[6] *Quiroga v. Aguilara*, Case No. 1:15-cv-01202-LJO-MJS; *Quiroga v. Food Service*, Case No. 1:15-cv-01203-DLB; and *Quiroga v. Hasta*, Case No. 1:15-cv-01871-LJO-JLT.

[7] *Hasta*, Case No. 1:15-cv-01871-LJO-JLT, was filed December 15, 2015.

4

not satisfy the federal standard.

**Findings and Recommendations**

Defendants do not address the federal standard for vexatiousness and have failed to demonstrate that plaintiff's actions were "patently without merit" or filed with the intent to harass. *Molski*, 500 F.3d at 1059-60. Therefore, the court cannot find, based on the record before it, that plaintiff is a vexatious litigant under federal law, and defendants' motion to declare plaintiff a vexatious litigant and require security should be denied. ECF No. 71.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  June 26, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.

5