UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>            Plaintiff,<br><br>        v.<br><br>TIMOTHY KING, *et al.*,<br><br>            Defendants. | Case No.   1:15-cv-01697-AWI-JDP<br><br>ORDER DIRECTING DEFENSE COUNSEL TO PROPERLY SERVE NOTICE OF DEATH WITHIN 21 DAYS<br><br>ECF No. 79 |

Plaintiff is a state prisoner appearing without counsel in this civil rights action brought under 42 U.S.C. § 1983. On July 16, 2020, defendants' counsel filed a Notice of Death of Plaintiff. ECF No. 79.

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

The party filing the notice of death (or "suggesting" death) "must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same

manner as required for service of the motion to substitute.  Fed. R. Civ. P. 25(a)(1).  Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  "[T]he 90-day period provided by Rule 25(a)(1) will not be triggered against [the decedent's] estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4." *Id.* at 233-34.

Here, it appears that defendants' counsel did not serve the nonparty successor or representative of plaintiff's estate because no certificate of service accompanied the notice.  *See* ECF No. 79.  Therefore, the notice of death did not trigger the running of the 90-day period.[1]

Accordingly, it is hereby ordered that counsel for defendants has 21 days from the date of service of this order to properly serve the notice of death.

IT IS SO ORDERED.

Dated:   July 19, 2020                                        _____
                                                              UNITED STATES MAGISTRATE JUDGE

No. 204.

---

[1] The court notes that defense counsel may not be required to serve the notice of death on the nonparty successor or representative of plaintiff's estate if he or she could not be ascertained at the time the notice of death was filed.  *See, e.g.*, *Barlow*, 39 F.3d at 234.  However, the notice makes no mention of an attempt to ascertain the identity of the successor or representative.