UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY KING, *et al.*,<br><br>Defendants. | Case No. 1:15-cv-01697-AWI-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(A)(1)[1]<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

This matter comes before the court upon *sua sponte* review of the file, which was reassigned to the undersigned on November 17, 2020. (Doc. No. 84). On July 16, 2020, counsel for defense filed a "Notice of Death of Plaintiff" alerting the court that plaintiff was deceased. (Doc. No. 79). On July 20, 2020, the court directed defense counsel pursuant to Federal Rule of Civil Procedure 25(a)(1) to ensure that the notice of death was served on the nonparty successor or representative of Plaintiff's estate under Fed. R. Civ. P. 4(m). (Doc. No. 80). On August 7, 2020, defense counsel filed proof of service of a suggestion of death on all known nonparty successors and representatives of Plaintiff's estate. (Doc. No. 81). None of the individuals

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

1

served have moved to substitute the decedent as plaintiff in this matter or otherwise appeared. (*See* docket).

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1) (emphasis added). When a deceased plaintiff is not timely substituted, dismissal is "required." *Smith v. McCotter*, 931 F.2d 61 (9th Cir. 1991).

The suggestion of death was served on decedent's successors or representative on various dates from July 21, 2020 through July 30, 2020. (Doc. Nos. 81, 82). More than 90 days have passed and no motion for substitution by the decedent's successors or representatives have been made. Dismissal is therefore required by Fed. R. Civ. P. 25(a)(1).

Accordingly, it is RECOMMENDED:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).
2. The Clerk of the Court be directed to terminate all deadlines and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 27, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE